United States District Court
Southern District of Texas
**ENTERED**
November 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAKSHMI PRASANNA MULLAPUDI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. H-26-8971 |
| v. | § | |
| | § | |
| MARKWAYNE MULLIN, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before the Court is Defendants' Motion to Dismiss as Moot in Light of Plaintiff's Approved Application (Document No. 5). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is an immigration matter. On October 13, 2026, Lakshmi Prasanna Mullapudi ("Plaintiff") brought this action contending his I-765 Application for Employment Authorization has been pending beyond the 180-day period prescribed by 8 U.S.C. § 1571(b). Based on the foregoing, Plaintiff seeks an order compelling Defendants to immediately grant or deny his I-765 application.[1] On October 29,

[1] *Plaintiff's Complaint*, Document No. 1 at 14.

2026, Defendants confirmed that the United States Citizenship and Immigration Services ("USCIS") adjudicated and approved Plaintiff's I-765 application on October 26, 2026.[2]

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

## III. LAW & ANALYSIS

Defendants contend that this case is now moot and move to dismiss for lack of subject matter jurisdiction. Plaintiff did not respond to Defendants' motion to dismiss, therefore failing to rebut or offer evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4.

---

[2] *See Defendants' Motion to Dismiss as Moot in Light of Plaintiff's Approved Application*, Document No. 5, Exhibit 1 at 1.

Federal courts do not have authority over moot claims, that is, claims where "a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) (citation omitted).

Here, the Court finds that, in light of USCIS adjudicating and approving Form I-765, Plaintiff's claims regarding delay are now moot. Because the only relief requested in this matter is an order requiring adjudication of the Form I-765, the Court finds that Plaintiff's matter is moot in its entirety. Considering the clear precedent of the Fifth Circuit that federal courts do not have authority over moot claims, the Court finds that Plaintiff's matter should be dismissed for lack of subject matter jurisdiction, and thus, Defendants' motion should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss as Moot in Light of Plaintiff's Approved Application (Document No. 5) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against all Defendants are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this 20 day of November, 2026.

DAVID HITTNER
United States District Judge